## HOLT v. FULLER COTTON OIL CO.
### No. 5573.

Court of Civil Appeals of Texas. Amarillo.
Oct. 25, 1943.

Rehearing Denied Nov. 22, 1943.

Jimmie Cunningham, of Lubbock, for appellant.

Turner & Seaberry, of Eastland, for appellee.

STOKES, Justice.

This suit was instituted by the appellant, Juanita Holt, a minor, eight years of age, appearing by her father as next friend, seeking to recover damages for a personal injury received by her in a cottonseed warehouse maintained by appellee in connection with its gin located at Post in Garza County.

The record shows that in connection with the warehouse the appellee had constructed and was maintaining a conveyor consisting of an auger-like shaft which was encased in a trough and extended from the gin stands in the gin to the warehouse and entered the warehouse immediately above the joists some sixteen or twenty feet above the floor. The conveyor was operated by a revolving process and when it was in operation it had the effect of pushing the

cottonseed from the gin stands through the trough into the warehouse and after entering the warehouse the trough was provided with four openings in its floor through which the cottonseed escaped into the warehouse. At the time of the injury to appellant a pile of cottonseed had accumulated under one of the openings and extended in a cone-like shape from the floor to within a few feet of the conveyor. In the side of the warehouse was a large door through which vehicles entered for the purpose of loading and unloading cottonseed, and the floor of the warehouse was covered by a mass of cottonseed. The testimony showed that children, including the appellant, sometimes played around the gin and on a few occasions they entered the warehouse and played upon the mass of cottonseed stored therein. On November 5, 1942, appellant and one or two other children entered the warehouse for the purpose of playing on the cottonseed and Juanita climbed to the top of the cone-shaped pile that had accumulated under the opening in the conveyor and, with her right hand, attempted to throw over the conveyor, through the opening, a small rope or cord which she had found in the warehouse. In attempting to do so, her left hand and arm were, in some manner, caught in the revolving conveyor and resulted in serious injury. It was to recover damages for such injury that the suit was instituted.

A jury was impaneled to try the case, but at the close of the testimony, upon motion of the appellee, the court instructed the jury to return a verdict for appellee and, upon the return of such verdict, judgment denying appellant any recovery was entered by the court. From the judgment so entered, appellant has prosecuted an appeal to this court where she urges fourteen points of error. We deem it unnecessary to discuss the assignments of error in detail, since they present in various ways only two general contentions which we think must control our disposition of the case. She contends, first, that the case should have been submitted to the jury upon the question of whether or not the warehouse was being operated and maintained in such manner and condition that appellee was responsible for injuries to children who might enter and play therein; and, secondly, that the warehouse and mass of cottonseed constituted an attractive nuisance in that they were peculiarly attractive as a place for children to play, the purpose of this contention being to bring the case within the rule of what is commonly called the "turntable cases."

Under her first point of error, as we have arranged them, appellant contends that because the warehouse and mass of cottonseed constituted an attractive place for children to play and that she and other children were attracted there for the purpose of playing on the mass of cottonseed, and that appellee knew, or by the exercise of reasonable diligence should have known, of their presence, it was the duty of appellee to maintain the warehouse in such condition as to protect children from being injured by machinery located therein, particularly the cottonseed conveyor. The testimony showed without contradiction that the gin and warehouse, including the conveyor, were of the same general construction and were operated in the same manner as other such institutions over the country, and that a mass of cottonseed usually constitutes an attractive place for children to play. It is not contended that any expressed invitation had been extended to appellant to enter the premises, nor that she was there for the purpose of transacting any business with appellee. No witness testified that any of appellee's employes knew she was there and the conclusion is inescapable that she was, at most, a mere licensee, unless she was removed from that class by an implied invitation to enter the premises, which we shall later discuss.

The law is well settled that, in the absence of knowledge of their presence, the owner of premises owes to licensees no duty further than to refrain from purposely injuring them, and the rule applies to children the same as it does to adults. The mere fact that the door in the side of the warehouse was open does not justify the contention that, by permitting it to remain so, appellee was thereby extending an implied invitation to persons, either children or adults, to enter the warehouse through it. The open door might have constituted such an invitation to those who were operating wagons or trucks and who had business with appellee which required or contemplated their entrance, but it constituted no such general invitation as is implied by the open door of the ordinary retail store. It is a general rule, recognized by all of the courts, that the duty of an owner or occupant of premises, such as that involved in this case, to keep the premises reasonably safe and to give warning even of concealed

perils applies only to those who are invited upon the premises, and not to trespassers or mere licensees. Bustillos v. Southwestern Portland Cement Co., Tex.Com.App., 211 S.W. 929; Flippen-Prather Realty Co. v. Mather, Tex.Civ.App., 207 S.W. 121; Taylor v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 112 S.W.2d 292; Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473. The testimony does not show that children frequented the warehouse as a place to play. It was shown only that they occasionally played around the gin premises and that they had played inside the warehouse on only a few occasions. We do not consider the testimony sufficient to constitute appellant even a licensee, but even if it could be said that it revealed a situation that would warrant the implication of a license and that her presence in the warehouse was known, or should have been known, to appellee, the appellee was not charged with the duty of warning her of the presence of the conveyor. All of the testimony showed that the conveyor in appellee's warehouse was not concealed, but that it was open and obvious to any person who might be there. In fact, the appellant herself testified that she saw the conveyor, including the auger-like shaft through the opening in the trough; that she observed it turning; that it was plain and open to her view; that she did not intend to insert her arm through the opening, and knew if she did, she would be injured by it. She said she knew she should not get close to the conveyor and that it was dangerous. From this it will be seen that even if appellant was a licensee, she would not be entitled to recover under her first contention. Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S.W. 375, 31 L.R.A.,N.S., 1218, Ann.Cas.1913A, 111; Mendoza v. Texas & P. Ry. Co., Tex.Civ.App., 70 S.W.2d 261.

Under her second point of error, appellant contends that the mass of cottonseed inside the warehouse and the open door at the side of the warehouse revealed an attractive place for children to play and that, in maintaining the warehouse in that condition, appellee impliedly invited appellant and the two other children to enter the warehouse for that purpose. The fact that the mass of cottonseed furnished an attractive place for children to play does not bring the case within the rule applied by the courts in the class of cases known as attractive nuisance or turntable cases. That rule applies only when it is shown that the instrumentality is of such a nature as to be unusually attractive, that is, more attractive than those instrumentalities, things, and places ordinarily maintained and used by men and institutions in carrying on the usual industries and business of the country. San Antonio & A. P. R. Co. v. Morgan, 92 Tex. 98, 46 S.W. 28; Simonton v. Citizens' Electric Light & Power Co., 28 Tex.Civ.App. 374, 67 S.W. 530. If it were otherwise, the ownership of property and the operation of business and industrial institutions would be burdensome and oppressive to an unbearable degree. If a mass of cottonseed is an attractive place for children to play, so is a railroad right-of-way, an open pasture where lakes are maintained to furnish water for livestock, a swamp where crawfish, which children like to catch, and dangerous snakes abound. In fact, few places can be mentioned that do not afford attractions of varying degree for children to play, and most of them furnish chances of some kind for accident and injury to them. For these reasons, the courts have exhibited a very strong disposition to hold the attractive nuisance doctrine within its original bounds and not extend it beyond those cases wherein the attraction amounts to an implied invitation by reason of its unusual nature, such as an open, unprotected, and unlocked turntable, upon which children might play and ride as if it were a merry-go-round. Missouri, K. & T. R. Co. of Texas v. Edwards, 90 Tex. 65, 36 S.W. 430, 32 L.R.A. 825; Missouri, K. & T. R. Co. of Texas v. Moore, Tex.Civ. App., 172 S.W. 568.

Moreover, the case cannot be brought within the attractive nuisance rule, because appellant was not injured as a result of any attraction or enticement furnished by any instrumentality or condition in connection with appellee's premises. The only attractive device alleged or attempted to be shown by the testimony was the mass of cottonseed. According to the testimony, the conveyor could not be seen from outside the warehouse. It was only after entering the warehouse that appellant observed the conveyor and even then she was not attracted to the conveyor by virtue of its appearance or anything connected with it. She climbed the pile of cottonseed immediately under it, not for the purpose of playing with the conveyor, but to throw a rope over it. Injury to her might as well have resulted from an effort to throw the rope over one of the joists or any other

object constituting a necessary element of the building. The facts pleaded and proved revealed only·a dangerous device that was obvious and open to the view of even appellant herself, and a chain of circumstances in which she was injured in a manner for which no one could be held legally responsible. Stamford Oil Mill Co. v. Barnes, supra.

We have thoroughly examined all of the points of error and contentions presented by appellant and, in our opinion, the court did not err in giving to the jury a peremptory instruction to return a verdict in favor of the appellee. The judgment of the court below will therefore be affirmed.