Donald WEEKES et ux., Appellants,

v.

Timothy E. KELLEY et ux., Appellees.

No. 4257.

Court of Civil Appeals of Texas.

Eastland.

Oct. 25, 1968.

Rehearing Denied Nov. 15, 1968.

Henry Stollenwerck, Biggers, Baker, Lloyd & Carver, Dallas, for appellants.

Bailey, Williams, Weber & Allums, James A. Williams, Dallas, for appellees.

GRISSOM, Chief Justice.

Donald Weekes and wife sued Timothy E. Kelley and his wife for damages sustained by Mrs. Weekes in a fall in the defendants' home while she was there as a "social guest." Defendants filed a motion for summary judgment because the pleadings, depositions and affidavit on file showed that Mrs. Weekes' injury was caused by no more than the ordinary negligence of defendants and, since Mrs. Weekes was a social guest in their home, they were not liable for damages caused by their ordinary negligence. The motion was granted and judgment was rendered for the defendants. The Weekes have appealed.

It is undisputed that Mrs. Weekes and Mrs. Kelley were members of a social club and its Christmas party was being held at the Kelley home and all members were supposed to bring gifts to be auctioned and the proceeds donated by the club to "Brother Bill", who was to distribute it to the poor. Mrs. Weekes and a Mrs. Hutchinson arrived first. They were greeted at the door by Mrs. Kelley's mother, who knew Mrs. Weekes, kissed her and said "let me take your coat", turned to the right and was turning on the light in a clothes closet preparatory to hanging Mrs. Weekes' coat there; that Mrs. Hutchinson had turned to her right to go to the kitchen with her present for "Brother Bill." Mrs. Weekes, instead of turning to the right, or going toward the closet where Mrs. Kelley's mother was attempting to have her hang her coat, went in a different direction and stepped down one step from the entrance hall into a den, fell and was injured. Mrs. Weekes testified that she decided to go to the den and put her gift on a piano there, so she could take off her coat. The record shows an ordinary step down from the hall into the den. There is no evidence that the party was to be in the den or that Mrs. Kelley, or her mother-in-law, had any reason to anticipate that Mrs. Weekes would turn from the direction of the closet, where she had been invited to put her coat, and go a different direction and into the den.

Appellants' point of error is that the court erred in rendering a summary judgment for defendants because there was a genuine issue as to a material fact "same being that appellees owed a duty to appellants of more than to refrain from willful, wanton, or gross negligence action, even if it is no more than to avoid active negligence." In appellants' statement thereunder they say that Mrs. Weekes went to appellees' home to attend the Garden Club's party and take a gift to be auctioned and the proceeds given to "Brother Bill;" that she walked through the entrance hall and, when she stepped down from the hall to the den, she fell to the floor. She testified that the step could not be seen "by normal observation" by a person approaching it. This conclusion, appellants say, is drawn from a picture of the hall, step and den. That picture simply shows an ordinary step down from a large hall into the den. It does not support appellants' conclusion that the step could not be seen "by normal observation" by a person approaching it.

The only evidence relative thereto is that such a step down into a den was customary in that community.

Appellants then say a landowner owes an "invitee" the duty to exercise ordinary care to keep the premises in a reasonably safe condition so that he will not be injured, and to inspect the premises to discover any dangerous condition and take such steps as are necessary to prevent the invitee's injury. They cite Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 and Brown v. American Automobile Insurance Company, Tex.Civ.App., 405 S.W.2d 416. They say that appellees' defense and the court's ruling were based on Bass v. Cummings, Tex.Civ.App., 415 S.W.2d 438 (Ref. n.r.e.), which holds that an owner of a private residence owes no duty to a social guest therein other than to refrain from injuring her willfully, wantonly or through gross negligence. Appellants state that they do not claim appellees were guilty of willful, wanton or gross negligence. Appellants apparently base their contention on the decision of our Supreme Court in Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073, which they say broadens the duty of a business establishment and makes invitees out of collateral business people, such as the child of a shopper. They say it is a far cry from the Weingarten case to now say that Mrs. Weekes, "an invitee, if on a social basis, was no more than a mere licensee." They argue that authorities cited in the Bass case support their contention and hold that appellees owed a duty to Mrs. Weekes as a guest in their home not to injure her through active or affirmative negligence and to warn her of any trap from which she could not escape by the exercise of reasonable care. As we understand appellants' contention it is that Mrs. Weekes was an invitee, not a licensee, while she was in appellees' home as a social guest and, in any event, that appellees owed her the duty not to injure her through their active or affirmative negligence and to warn her of any pitfall or trap which she could not avoid by reasonable care. Appellants say there was a hidden danger put there "by an act of appellees" and that this shows an "active failure to exercise due care", as shown by the picture referred to.

Appellees reply that there is but one question and that is whether a social guest has a cause of action against her host for damages caused by the host's ordinary negligence. They say that the decision in Bass v. Cummings, Tex.Civ.App., 415 S.W.2d 438 (Ref. n.r.e.), requires a holding that a host is not liable to his social guest for ordinary negligence.

In the original Restatement of the Law of Torts, page 896, Section 331, it is stated that "a gratuitous licensee is any licensee other than a business visitor" and that "social guests who, in a sense, are persons temporarily adopted into the possessor's family" are "gratuitous licensees."

■ In 65 C.J.S. Negligence § 63(136), pp. 920, 923, it is said that a host is not liable to his social guest for failure to exercise ordinary care. The rule is stated as follows:

"As a licensee on the host's premises, the guest generally takes the premises as he finds them, in so far as any alleged defective condition thereof is concerned, and assumes the ordinary risks or dangers incident to the condition of the premises. The host is not required to inspect the premises to discover defects or to maintain the premises in a safe condition for his guest. The guest is expected to take the premises as the host uses them and may not expect that they will be prepared for his reception or that precautions will be taken for his safety in any manner in which the host did not prepare or take precautions for his own safety or the safety of members of his family, or, as sometimes expressed, where one visits the private home of another as a social guest the owner is bound to take the same care of him that the owner takes of himself and other members of his family, and no more. * * *

The host is under no duty to give warning of a condition which should be obvious to the guest; nor is the host liable for failure to warn the guest where there was no opportunity to give a warning, as where the host was without knowledge of the presence of the guest on the premises prior to the time of injury.

The host is not required to warn the guest of a condition which the guest cannot reasonably be expected to encounter. There is no duty to warn of a dangerous condition which exists outside the area covered by the invitation or license. Whether a host has impliedly extended to a guest an invitation to visit another part of the premises would seem to turn on the question whether or not the circumstances, and the relation between the parties, would justify the guest in assuming that such an implied invitation was extended.

The host is under a duty to refrain from inflicting on the guest willful or wanton injury, and some cases indicate that this is the extent of the host's duty or deny recovery in the absence of sufficient proof of willfulness or wantonness. In some jurisdictions the host must refrain from gross, as distinguished from ordinary, negligence and liability, it has been stated, depends on proof of gross negligence or recovery is denied in the absence of such proof.

Active negligence of host. Although there is some contrary authority, in many jurisdictions the host is under a duty to refrain from injuring the guest as a licensee by active, as distinguished from, passive negligence. In conducting an activity on the premises at the time of the guest's presence the host is under an obligation to exercise reasonable care for his protection."

25 A.L.R.2d page 600:

"The terminology of status (that is, the classification into invitees, licensees, and trespassers) used in classifying the liability of an owner, possessor, or occupant of land to one injured while on the land due to defects therein has caused some difficulty in discussing the issue of liability to a social guest in a home who is injured by the defective condition of the property, since, while such a guest is clearly on the property as the result of an 'invitation' in the layman's sense of that word, the authorities have universally agreed that he should not be entitled to the same degree of care for his safety as one who is on the property of another as what is sometimes called a 'business invitee,' that is, for the purpose of conferring some benefit other than purely social.

Despite the express or implied invitation upon which the social guest relies in coming to his host's premises, the courts have concurred in classifying him as a 'licensee' of some sort, usually, since the publication of the American Law Institute's Restatement, Torts, as a 'gratuitous licensee'.

Any difficulties arising from the attempts to fit a social guest into the standard classifications of status have affected only the rationalization of the decisions, however, since the results of the cases display a commendable unanimity in holding that a social guest injured by a defect in the premises may not recover against his host in the absence of evidence establishing something more than ordinary negligence in the maintenance of the premises. More specifically, it has been held that a guest can recover only where his injury is the result of active and affirmative negligence of the host—."

See also 26 Texas Law Review 588; 92 A.L.R. 1005; Blossom Oil & Cotton Co. v. Poteet, 104 Tex. 230, 136 S.W. 432, 434, 35 L.R.A.,N.S., 449; City of Greenville v. Pitts, 102 Tex. 1, 107 S.W. 50, 51, 14 L.R.A.,N.S., 979; Bass v. Cummings, Tex.Civ. App., 415 S.W.2d 438, 440 (Ref. n.r.e.), and 40 Tex.Jur.2d 548.

Appellants do not contend that Mrs. Weekes was more than a social guest in the Kelley home. Generally, a host is held to owe a social guest, frequently described as a gratuitous licensee, only the duty not to injure him by willful, wanton or gross negligence. There is authority that a host is liable, under some circumstances, for his "active" negligence and for damages caused by a pitfall or trap on the host's premises. The undisputed facts do not make the last holdings applicable. Appellants' evidence does not raise a question of "active" negligence within the meaning of the decisions referred to, nor does it raise a question of fact relative to a pitfall or trap. The only fact question raised by the "evidence" on the motion for summary judgment is whether appellees were guilty of ordinary negligence. They are not liable to appellants for such negligence. The judgment is affirmed.