Shannon SELLARDS, Individually and as Next Friend of Darlene Demarais, Appellant,

v.

The EXPRESS-NEWS CORPORATION, Appellee.

No. 04–84–00253–CV.

Court of Appeals of Texas, San Antonio.

Nov. 13, 1985.

Rehearing Denied Dec. 18, 1985.

A.J. Hohman, Jr., Hope, Henderson, Hohman & Georges, San Antonio, for appellant.

Mark J. Cannan, Lang, Cross, Ladon Law Firm, San Antonio, for appellee.

Before CANTU and REEVES and SHARPE (Assigned), JJ.

## OPINION

T. GILBERT SHARPE, Assigned Justice.[*]

This is an appeal from a summary judgment the trial court rendered in favor of defendants, The Express-News Corporation and Karen Kennedy, against Shannon Sellards, as next friend of her daughter, Darlene Demarais.[1]

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

Darlene Demarais was involved in a one-car accident on February 10, 1983, in which she, as passenger, sustained serious injuries. The driver and another passenger were killed, and a fourth passenger sustained injuries. Karen Kennedy, a police reporter for the defendant newspaper, called in the story to the paper and wrote a follow-up article for the paper. An editor for the paper also wrote an article on the accident. Two of the articles referred to the use of drugs by one or more of the occupants of the automobile. The first article, appearing on the front page of the February 11, 1983, San Antonio Express, under Kennedy's byline, states "Police twice gave reports that the terrifying smashup that destroyed the car was a drug-induced suicide but offered no details." Demarais' name does not appear in this article. The second article, appearing in the February 11, 1983, San Antonio News, names Demarais as one of the victims. The third article, from the February 12, 1983, San Antonio Express-News, written by Kennedy, states "Initial police reports were that drugs were involved, but later reports did not indicate any involvement of drugs." Demarais' name also appeared in this article.

Shannon Sellards, as next friend of Demarais, brought suit in district court against the Express-News Corporation and Karen Kennedy alleging the above quoted language is slander per se, libelous, defamatory, and an invasion of privacy. The Express-News Corporation and Kennedy moved for summary judgment claiming none of the language in the articles concerning Demarais is libelous. Plaintiffs filed affidavits stating the newspaper articles are not ture, that the parties suffered damages, and that to one of the affiants, an attorney, the statement, "drug-induced suicide," could mean that every occupant in the vehicle, including Darlene Demarais,

1. Sellards brought suit individually and as next friend of her daughter. The trial court severed the suit by Sellards individually from the suit by Sellards as next friend of her daughter and granted summary judgment only on Sellard's suit brought in her capacity as next friend.

was or may have been under the influence of drugs and that all the occupants intended to commit suicide. The trial court granted summary judgment against Sellards as next friend for Demarais. Sellards brings this appeal claiming the trial court erred in granting summary judgment because the Express-News Corporation and Kennedy failed to prove they are entitled to judgment as a matter of law and that an ambiguity exists as to whether the statements are libelous.

■ A movant for summary judgment must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex. 1975); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); TEX.R.CIV.P. 166–A(c). A summary judgment will be affirmed on appeal only if the summary judgment proof establishes a right thereto as a matter of law. The question on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. The judgment sought shall be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Gibbs v. General Motors Corp., supra.* In determining whether a summary judgment is proper, we must keep the following rules in mind: (1) the burden of proof is on the movant; (2) we view the evidence in a light most favorable to the non-movant and resolve all doubts concerning the existence of a material fact in his favor, disregard all conflicts in the evidence, and accept as true the evidence tending to support the nonmovant; (3) we will not consider an affidavit or deposition if its credibility or weight is involved, or if it raises a mere inference; and (4) we will accept uncontradicted evidence from an interested witness as raising merely an issue of fact unless it is clear, direct, positive, and no circumstances in evidence tend to discredit or impeach it, especially if the opposite party could readily impeach the testimony. *Gravis v. Abbott Laboratories*, 462 S.W.2d 410, 414 (Tex.Civ.App.— Corpus Christi 1970), *aff'd in part, rev'd in part on other grounds*, 470 S.W.2d 639 (Tex.1971).

■ Texas statutory law defines libel as a written or printed defamation which tends to injure the reputation of a living person and thus expose him to public hatred, contempt, ridicule, or financial injury, or impeach his honesty, integrity, virtue, or reputation. TEX.REV.CIV.STAT.ANN. art. 5430 (Vernon 1958). To determine whether a statement is libelous we must look at it from the point of view it would have on the mind of ordinary reader. We must construe it as a whole in light of all the surrounding circumstances. If the statement is ambiguous, that is if the statement may have a defamatory meaning but it is not necessarily defamatory, the issue must be submitted to the jury. *Guisti v. Galveston Tribune*, 105 Tex. 497, 150 S.W. 874 (1912). The trial court may not grant a summary judgment on an ambiguous statement. *Beaumont Enterprise & Journal v. Smith*, 687 S.W.2d 729, 730 (Tex.1985); *Denton Publishing Co. v. Boyd*, 460 S.W.2d 881, 884 (Tex.1970); *Gartman v. Hedgpeth*, 138 Tex. 73, 157 S.W.2d 139, 141 (1941); *Raymer v. Doubleday & Co.*, 615 F.2d 241, 246 (5th Cir.), *cert. denied*, 449 U.S. 838, 101 S.Ct. 115, 66 L.Ed.2d 45 (1980). The jury must determine how the statement would have been interpreted by the ordinary reader. *Beaumont Enterprise & Journal v. Smith, supra; Denton Publishing Co. v. Boyd, supra; Gartman v. Hedgpeth, supra.*

■ We believe an ordinary reader could take the statements to mean Demarais was involved with drugs and suicide. An ordinary reader could also take them to mean only the driver was involved with drugs and suicide. The statement is ambiguous and it is, therefore, error for the trial court to grant summary judgment and not submit the issue to a jury.

**680**

A summary judgment may be rendered based on pleadings, depositions, answers to interrogatories, admissions, affidavits, stipulations, and certified public records. TEX.R.CIV.P. 166–A. We will consider the other possible grounds for a summary judgment. The Express-News and Kennedy filed a general denial pursuant to TEX. R.CIV.P. 92; alleged the statements were not false and/or are substantially true; that they made no defamatory statements of and concerning Demarais; and that the alleged defamatory statements are privileged. In their motion for summary judgment, defendants relied solely on the issue that the language could not be considered libelous and of and concerning Demarais.

 Demarais' affidavit avers that no mention of a drug-induced suicide appears in the police reports (a copy of the police report is attached to her affidavit). She further avers none of the occupants were using or had used drugs nor had they discussed or intended to commit suicide. In her oral deposition, Kennedy states she heard the language "drug-induced suicide" used by an unidentified police officer over a police radio. The auto accident the officer referred to was not identified. There is a genuine issue of material fact concerning the truth of the statements about what was in the police reports.

The Express-News and Kennedy maintain, in support of the summary judgment, that the articles did not specifically refer to Demarais as being involved with drugs and that she clearly could not be included in the reference to suicide. Though the article did not specifically state Demarais was involved in drugs or suicide, the statement, as written, could be taken to refer to any or all of the passengers. When a group is named and the plaintiff is a readily identifiable member of the group, a cause of action for defamation exists if those who know and are acquainted with the plaintiff understand the article refers to the plaintiff. *Newspapers, Inc. v. Matthews*, 161 Tex. 284, 339 S.W.2d 890, 894 (1960); *Poe v. San Antonio Express-News Corp.*, 590 S.W.2d 537, 542 (Tex.Civ.App.—

San Antonio 1979, writ ref'd n.r.e.); *Buck v. Savage*, 323 S.W.2d 363, 376–77 (Tex.Civ. App.—Houston 1959, writ ref'd n.r.e.).

The Express-News and Kennedy also pleaded privilege as a defense. They presented no evidence on that issue to the trial court and is therefore not to be considered a ground for the summary judgment.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.