Doris HARROD, et vir., Appellant,

v.

Linda GRIDER, Appellee.

No. 09 85 126 CV.

Court of Appeals of Texas, Beaumont.

Dec. 19, 1985.

Jimmy W. Nettles, Beaumont, for appellant.

Gordon R. Pate, Beaumont, for appellee.

### OPINION

BURGESS, Justice.

This is an appeal from the granting of a summary judgment. Glenn Harrod was shot with a BB gun by Bill Saccomen. The incident occurred in the home of Linda J. Grider. Glenn Harrod, age 12, was a friend of Aaron Grider, also age 12 and had gone over to the Grider home to have dinner and then attend a movie. The boys were going to be taken to the movie by Bill Saccomen, age 20. Bill Saccomen was the boys' football coach and had taken them to various activities prior to the night of the incident. After dinner the three boys went to Aaron's room while Mrs. Grider performed chores in the kitchen.

While in the bedroom, Saccomen began "joking" and "goofing around" with the younger boys. During this episode, Saccomen picked up an "empty" BB gun and discharged it in the direction of Glenn Harrod. A BB struck Glenn under the armpit. Glenn was taken to a hospital, kept overnight and released. Glenn's parents later filed suit against Mrs. Grider and Mr. Saccomen alleging various acts of negligence. They sought damages for (1) Glenn's bodily injury, (2) Glenn's physical pain and mental anguish, past and future, (3) Glenn's psyche injury, past and future, (4) Glenn's permanent physical and emotional impairment, (5) Glenn's past and future medical expenses, (6) Mrs. Harrod's lost wages due to caring for Glenn and (7) exemplary damages.

Linda Grider filed a motion for summary judgment alleging the only duty she owed Glenn was the duty owed a social guest-licensee and the undisputed facts showed she had not breached that duty. The trial court granted the summary judgment, then proceeded with action against Mr. Saccomen. After a bench trial, the court entered a judgment against Bill Saccomen in favor of Mr. and Mrs. Harrod for $1,778.95 and in favor of Glenn for $5,000.00 as actual damages and $10,000.00 as exemplary damages. Mr. Saccomen did not appeal. The Harrods perfected this limited appeal.

It is undisputed that Glenn Harrod was a social guest-licensee on the premises of Mrs. Grider. In this state the general rule is a host is held to owe a social guest only the duty not to injure him by wilful, wanton, or gross negligence. *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561 (Tex.1976), *State v. Tennison*, 509 S.W.2d 560 (Tex.1974). Several other cases following this rationale deal with injuries caused by the host's premises or property. *E.g., Hastings v. Deleon*, 532 S.W.2d 147 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.); *Warren v. Medley*, 521 S.W.2d 137 (Tex.Civ.App.—Beaumont 1975, no writ); *Weekes v. Kelley*, 433 S.W.2d 769 (Tex.Civ.App.—Eastland 1968, writ ref'd n.r.e.).

The Harrods argue the summary judgment should not have been granted because there is an acknowledged exception to the general rule or in the alternative this court should adopt a new exception. The acknowledged exception is based upon the "active negligence" of a host or occupier of property. This is to say, a licensee has the right to require the occupier of the premises to conduct himself so as not to injure the licensee through the occupier's active negligence. *Martinez v. Martinez*, 553 S.W.2d 211 (Tex.Civ.App.—Tyler 1977, no writ). The acts of negligence alleged against Mrs. Grider were: (1) in failing to properly supervise the playing of or activities of the children; (2) in allowing Bill Saccomen to play with and point the gun at Glenn Harrod; (3) in failing to give any instructions to Bill Saccomen not to be shooting the gun toward the children and in particularly as to Glen Harrod; (4) in failing to warn Glenn Harrod that Bill Saccomen would, in all likelihood, shoot the gun at him in playing; (5) in allowing the gun to be accessible to be played with. The Harrods fail under this exception because there was not any active negligence plead nor proven in the summary judgment evidence.

The Harrods further urge this court to fashion an exception based upon 65 C.J.S. *Negligence* sec. 63 (60) (1966). This section states, in part,:

"When a person undertakes to control and watch over a young child, even without compensation, he becomes responsible for injury to the child through his negligence, and his duty to use reasonable care to protect the child is not measured by what his duty would have been to a social guest or licensee. However, the measure of duty of a person undertaking control and supervision of a child to exercise reasonable care for the safety of the child is to be gauged by the standard of the average reasonable parent; such person is not an insurer of the safety of the child and has no duty to foresee and guard against every possible hazard."

No appellate court in this state has fashioned such an exception. We also decline to do so. The judgment of the trial court is affirmed.