Peggy DOMINGUEZ, et al., Appellants,

v.

Irma P. GARCIA, Appellee.

No. 04–87–00375–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 10, 1988.

Rehearing Denied March 23, 1988.

John D. Wennermark, San Antonio, for appellants.

Thomas R. Stevens, John Milano, Jr., Thornton, Summers, Biechlin & Dunham, San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment. The point of error is that the trial court erroneously granted the summary judgment because there were genuine issues of material fact to be determined in this case.

Peggy Dominguez sued individually and as next friend of her son Joey Dominguez, age 10. On July 15, 1984, the boy was at a birthday party at the home of Irma Garcia, appellee, and fell on a stump in the yard, causing a laceration to his left thigh. The child was treated initially at Wilford Hall Emergency Room. Subsequently, the wound became infected requiring further medical treatment.

Dominguez claimed in her petition that the injuries were due to negligence on the part of Garcia. Garcia moved for summary judgment on the basis that the injuries occurred while the boy was on her property as a social guest with the same status as a licensee. Further, that there was no pleading that Garcia had injured the child willfully, wantonly, or through gross negligence. In addition, as a licensor, Garcia claimed she had no duty to warn of dangerous conditions unless it was shown that the licensor knew or had actual knowledge of a dangerous condition and the licensee did not.

Attached to and incorporated with appellee's motion for summary judgment was a portion of the deposition of Joey Dominguez. The child testified he had visited the property five or six times on prior occasions and was aware of the presence of the stump in the yard.

Initially, Dominguez, in her response to the motion and also on appeal, argues that the child had the status of an invitee because he was an "invited" social guest. However, the RESTATEMENT OF TORTS defines a licensee as follows: "A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent." RESTATEMENT (SECOND) OF TORTS § 330 (1965). The Reporter's notes to the RESTATEMENT list social guests among the persons included under the term licensees. The notes address the possible confusion:

Some confusion has resulted from the fact that, although a social guest normally is invited, and even urged to come, he is not an 'invitee,' within the legal meaning of that term, as stated in § 332. He does not come as a member of the public upon premises held open to the public for that purpose, and he does not enter for a purpose directly or indirectly connected with business dealings with the possessor. The use of the premises is extended to him merely as a personal favor to him. The explanation usually given by the courts for the classification of social guests as licensees is that there is a common understanding that the guest is expected to take the premises as the possessor himself uses them, and does not expect and is not entitled to expect that they will be prepared for his recep-

tion, or that precautions will be taken for his safety in any manner in which the possessor does not prepare or take precautions for his own safety, or that of the members of his family ...

RESTATEMENT (SECOND) OF TORTS, § 330 (1965) comment h3.

■ Therefore, under Texas law, social guests are treated as licensees for purposes of determining what duty is owed by a homeowner. *McKethan v. McKethan*, 477 S.W.2d 357, 360 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *Weekes v. Kelley*, 433 S.W.2d 769, 771–772 (Tex.Civ. App.—Eastland 1968, writ ref'd n.r.e.); *Bass v. Cummings*, 415 S.W.2d 438, 440 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). The evidence before the trial court demonstrates that Joey Dominguez was a social guest at the time and place of the incident made the basis of this suit.

■ A host owes a social guest a duty not to injure him by willful, wanton or gross negligence. *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561, 563 (Tex.1976); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974); *Harrod v. Grider*, 701 S.W.2d 937, 938 (Tex.App.—Beaumont 1985, no writ). Dominguez made no allegation in her petition or in the response to the motion for summary judgment that Garcia was guilty of willful, wanton or gross negligence. Thus that issue was not before the court.

Dominguez next argues the child is protected even as a licensee. Appellant refers to the RESTATEMENT OF TORTS:

A possessor of land is subject to liability for physical harm to licensees by a condition on the land, if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the conditions safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved.

RESTATEMENT (SECOND) OF TORTS, § 342 (1965).

With respect to premises liability, when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974).

Garcia's motion for summary judgment incorporated extracts from the deposition of Joseph Dominguez which reflect that the child had visited the premises previously and was aware of the hole and stump alleged to be the cause of his injury.

Q: You had seen that hole before the accident happened, right?

A: Yes.

Q: Okay. And you had seen that hole when you were over there playing with Jonathan and that sort of thing before this accident happened, right?

A: Yes.

Q: Okay. Had you seen that hole before the day that you got over there for that birthday party?

A: Yes.

\* \* \* \* \* \*

Q. Okay. So you had seen the hole and the stump or what looked like a stump—

A: Yes.

Q: —Before you went over for this party?

A: Yes.

Q. And that was something less than five or six times that you had been over there before the birthday party, right?

A: Yes.

Dominguez points to the holding of this court in *Sellards v. Express–News*, 702 S.W.2d 677 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), that in determining

whether a summary judgment is proper the court would not consider a deposition if its credibility or weight were involved or if it raised a mere inference. *Id.* at 679. In this case, however, the statement of the child is unequivocal. This is not a mere inference, rather it is an admission by the plaintiff.

■ Dominguez objects on appeal to the use of the extract of the deposition. However it was on file in its entirety before the trial court determined the motion for summary judgment. Reference to pertinent parts of a deposition is permissible in a motion for summary judgment. *Crum v. Stasney,* 404 S.W.2d 72, 74 (Tex.Civ.App.—Eastland 1966, no writ). The evidence considered in a motion for summary judgment may include the depositions on file. Dominguez did not object in their written response to a defect in the deposition or the use of the deposition in support of the motion for summary judgment. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. TEX.R.CIV.P. 166A(c) (Vernon Supp.1987). *See Jones v. McSpedden,* 560 S.W.2d 177, 179–180 (Tex. Civ.App.—Dallas 1977, no writ).

■ Finally, Dominguez argues that Garcia should have warned the minor plaintiff of unappreciated dangers and that a higher degree of care was owed because of his status as a minor. As noted, the child acknowledged the presence of the stump in the yard. Further, it seems clear that the rules pertaining to the duty owed by a licensor to a licensee are applicable to both adults and children alike. *See Schroeder v. Texas & Pacific Ry Co.,* 243 S.W.2d 261, 263 (Tex.Civ.App.—Dallas 1951, no writ); *Holt v. Fuller Cotton Oil Co.,* 175 S.W.2d 272, 274 (Tex.Civ.App.—Amarillo 1943, writ ref'd w.o.m.). We decline to fashion an exception in this case.

We find that the trial court properly granted summary judgment since Dominguez failed to plead and present summary judgment evidence showing that Garcia owed a duty to the minor plaintiff other than as to a social guest-licensee. Her pleadings define the child as a social guest. His deposition testimony reflects his awareness of the stump on the premises which allegedly caused his injury. Moreover, there is neither allegation nor proof that Garcia caused injury to appellant by willful, wanton or gross negligence. A defendant may show as a matter of law that the plaintiff cannot establish his case. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Stark v. Morgan,* 602 S.W.2d 298, 303 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.). The point of error is overruled.

The judgment is affirmed.

REEVES, Justice, concurring.

I concur with the result reached in this case because of the facts of this case. The hole was obvious, and the child had played in the same general area on several other occasions. But I do not want my agreement with the result to be construed as an agreement with the statement, "[T]he rules pertaining to the duty owed by a licensor to a licensee are applicable to both adults and children alike. *See Schroeder v. Texas & Pacific Ry. Co.,* 243 S.W.2d 261, 263 (Tex. Civ.App.—Dallas 1951, no writ); *Holt v. Fuller Cotton Oil Co.,* 175 S.W.2d 272, 274 (Tex.Civ.App.—Amarillo 1943, writ ref'd w.o.m.)." The statement and its context imply, as the cases it uses for authority state, that notice sufficient to warn an adult of a dangerous condition is sufficient to warn a minor of the same dangerous condition.

Comment B of RESTATEMENT (SECOND) TORTS § 342 (1965) indicates that adult licensors owe duties to minor licensees that are different than the duties they owe to adult licensees. Whether a dangerous condition is apparent to a minor licensee is a different question than whether the same dangerous condition is apparent to an adult licensee. *Id.* That is so because of the inability of children to fully

appreciate the risks associated with particular dangerous conditions. *Id.* Since children owe duties of care different than those owed by adults, W. Prosser, *The Law of Torts*, 154–157 (4th ed. 1971), it seems logical that, in turn, adults owe children duties of care different from the duties of care that adults owe to other adults.

The holdings of *Schroeder, Holt,* and cases on which they are based,[1] do not, I believe, correctly reflect current legal thinking on the duties adult licensors owe to minor licensees.

---

1. *Blossom Oil & Cotton v. Poteet,* 104 Tex. 230, 136 S.W. 432 (1911); *Taylor v. Fort Worth Poultry & Egg,* 112 S.W.2d 292 (Tex.Civ.App.—Fort Worth 1937, writ dism'd; and *Mendoza v. Texas & P. Ry. Co.,* 70 S.W.2d 261 (Tex.Civ.App.—Eastland 1934, no writ).