In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-389 CV


____________________



NORMA HERNANDEZ, Appellant



V.



RAMONA PEREZ and JOSE PEREZ, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 21,697






MEMORANDUM OPINION


 Appellant Norma Hernandez appeals a summary judgment granted in favor of
appellees Ramona and Jose Perez (the "Perezes"). In her two issues, Hernandez argues the
trial court erred in dismissing her premises defect cause of action because she alleged two
unreasonably dangerous conditions and there existed a genuine issue of material fact as to
whether she had actual knowledge of both alleged dangerous conditions. We affirm.

 While exiting the Perezes' front door early one morning, Hernandez fell while
walking down a set of brick steps leading to the front porch. The porch area was dark and
the porch light was inoperable. Hernandez sued the Perezes under a premises defect theory
and alleged that "the failure to illuminate the homemade or makeshift, un-level, brick steps
created an unreasonably dangerous condition." According to Hernandez, the Perezes
breached their duty to exercise ordinary care "by failing to repair the porch light, replace the
light bulb and/or warn Plaintiff of the unreasonably dangerous condition." 

 The Perezes moved for a traditional summary judgment asserting Hernandez could
not recover under a premises defect theory because the only danger alleged in her petition
was the broken porch light and her deposition testimony indicated she had actual knowledge
of the inoperable porch light prior to exiting the Perezes' front door. In response, Hernandez
asserted her petition clearly indicated the dangerous condition was a combination of the lack
of light and the "homemade or makeshift, un-level, brick steps" and "each time reference is
made to the broken or burned out light, the 'homemade or makeshift, un-level brick steps'
leading from Defendants' home are mentioned." The trial court granted summary judgment
and ordered that Hernandez take nothing in her suit against the Perezes. 

 We review the trial court's grant of summary judgment de novo. Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003) (citing FM Props. Operating
Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000)). In reviewing the trial court's grant
of a traditional motion for summary judgment, we must determine whether the movant
carried its burden to establish that there existed no genuine issue of material fact and that the
movant was entitled to judgment as a matter of law. Shah v. Moss, 67 S.W.3d 836, 842 (Tex.
2001) (citing Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991)). All evidence
favorable to the non-movant must be taken as true, and we indulge every reasonable
inference and resolve any doubts in the non-movant's favor. Knott, 128 S.W.3d at 215. 

 A social guest is treated as a licensee. Knorpp v. Hale, 981 S.W.2d 469, 472 (Tex.
App.--Texarkana 1998, no pet.) (citing Dominguez v. Garcia, 746 S.W.2d 865, 867 (Tex.
App.--San Antonio 1988, writ denied)). To establish liability for a premises defect a licensee
must plead and prove that a condition of the premises created an unreasonable risk of harm,
the owner had actual knowledge of the condition, the licensee did not actually know of the
condition, the owner failed to exercise ordinary care to protect the licensee from the danger,
and the owner's failure to exercise ordinary care was a proximate cause of the licensee's
injury. State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992)
(citing State v. Tennison, 509 S.W.2d 560, 561 (Tex. 1974)). 

 In her first issue, Hernandez argues her petition alleges two independent unreasonably
dangerous conditions- the lack of a working porch light and the "homemade or makeshift,
un-level brick steps leading away from the front porch." According to Hernandez, "These
are each singularly an unreasonably dangerous condition that combine plurally [to] create the
whole of the unreasonably dangerous condition . . .." Thus, argues Hernandez, the trial court
erred in ruling on her actual knowledge of one alleged dangerous condition (the lack of
lighting) without also ruling on her knowledge of the second alleged dangerous condition
(the steps). The Perezes argue that although the petition references "'[h]omemade or
makeshift, un-level, brick' steps" this description of the stairs does not create a "separate and
distinct 'unreasonably dangerous condition.'" We agree. 

 Hernandez's petition expressly states that the failure to provide a porch light to
illuminate the steps created the unreasonably dangerous condition, the Perezes breached their
duty to exercise ordinary care by failing to replace the light bulb, repair the porch light, or
warn her that the light was not working, and the Perezes' negligence was the proximate cause
of her injuries. Hernandez acknowledges that the failure to illuminate the steps created an
unreasonably dangerous condition. However, Hernandez argues that the lack of lighting is
only the second claim she's asserted because the "first claim is the un-level steps that created
an unreasonably dangerous condition in and of themselves." 

 To state a premises defect claim complaining of the steps, Hernandez must plead that
the condition of the steps created an unreasonable risk of harm. See Payne, 838 S.W.2d at
237. The petition makes only two references to the steps. First, Hernandez alleges she "fell
on homemade or makeshift, un-level, brick steps leading from Defendants' home."
Hernandez's second reference to the steps states that "the failure to illuminate the homemade
or makeshift, un-level brick steps created an unreasonably dangerous condition." These
references to the steps are mere descriptions and do not indicate that any condition of the
steps created an unreasonably dangerous condition. Contrary to Hernandez's assertions, the
petition does not indicate how or why the steps were dangerous "in and of themselves." 
Furthermore, Hernandez did not plead that the Perezes' failure to exercise ordinary care to
protect Hernandez of an alleged danger created by the steps was a proximate cause of her
injury. See id. In fact, Hernandez expressly stated the Perezes' breached the duty of ordinary
care by failing to repair the porch light or replace the light bulb. 

 Hernandez's deposition testimony also indicates that her sole premises defect
complaint was the lack of lighting on the steps when she stated, "I fell because there was no
light outside." When questioned regarding the lack of lighting on the porch area, Hernandez
stated, "I think it was real dangerous because there was no light, and that's why I fell." 
Hernandez's deposition testimony further reveals she did not fall because of any defective
condition of the steps, but because she was not familiar with the porch area and could not see
the steps as she exited the front door. According to Hernandez, the porch area was
unreasonably dangerous because "there's a step and there was no light and I don't know the
place." Hernandez also stated, "[I]t was dark. I couldn't see. There was no light. I didn't
know the . . . walkway. [I]t's not my house. . . ." Hernandez further indicated that when she
placed her foot on the step, half of her foot missed the step and she stated, "That's what
provoked my accident, and the light." Hernandez explained, "I just fell because I didn't
know the walkway. I didn't calculate the level, the step." Hernandez's petition and
deposition testimony reveal that she did not state a separate premises defect cause of action
for defective steps. Hernandez's sole complaint is the lack of lighting on the porch area. 
Issue one is overruled.

 In her second issue, Hernandez argues her testimony regarding her lack of familiarity
with the Perezes' porch area raises a genuine issue of material fact as to whether she had
actual knowledge of the lack of light and the condition of the steps. Hernandez's deposition
testimony indicates she attempted to turn on the porch light before she exited the front door
and the light did not turn on. Thus, the Perezes produced summary judgment evidence to
show Hernandez had actual knowledge that the porch light was inoperable. Hernandez's
testimony regarding her lack of familiarity with the porch area does not preclude summary
judgment because Hernandez did not plead nor did she testify that she fell as a result of the
defective condition of the steps. Hernandez's mere description of the steps as homemade,
makeshift, and unlevel does not state a premises defect cause of action. Furthermore,
Hernandez testified that she did not trip on the steps but fell because she was unfamiliar with
the porch area and could not see the step. Because Hernandez did not plead nor testify to any
defective condition of the steps, her lack of knowledge of the existence of the steps does not
constitute sufficient summary judgment evidence to raise a genuine issue of material fact and
preclude judgment as a matter of law. Issue two is overruled and the judgment is affirmed.

 AFFIRMED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted January 24, 2006

Opinion Delivered June 29, 2006



Before McKeithen, C.J., Gaultney and Kreger, JJ.