Affirmed and Memorandum Opinion filed July 31, 2007








Affirmed and Memorandum Opinion filed July 31, 2007.

 

                                                                                                                                                            

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01268-CV

____________

 

PAMELA K. BERGMAN, Appellant

 

V.

 

MINNIE MARTIN DAUGHERTY, Appellee

 



 

On Appeal from the 280th
District Court

Harris County, Texas

Trial Court Cause No. 2004-39290

 



 

M E M O R A N D U M   O P I N I O N

In a single issue, appellant Pamela K. Bergman appeals the
trial court=s grant of summary judgment in favor of appellee
Minnie Martin Daugherty on Bergman=s premises
liability claims.  We affirm.

I.  Factual and Procedural Background








In July 2002, Bergman, an attorney, along with two of her
colleagues visited Daugherty=s home in San Miguel de Allende, Mexico
(known as ACasa Carino@).  On the night
of July 28, 2002, various pieces of Bergman=s jewelry went
missing, which she reported as stolen to the Mexican police.  Bergman
thereafter brought suit against Daugherty, claiming that Daugherty had a duty
to warn of and protect her from the risk of theft by a third party, which she
claimed was foreseeable to Daugherty based on two recent thefts at Casa Carino.

The summary judgment evidence reveals the following primary
factual disputes:  (1) Bergman=s purpose for visiting Casa Carino and (2)
whether items had been reported as stolen, instead of missing, at Casa Carino
prior to Bergman=s visit.  As to Bergman=s purpose for
visiting Casa Carino, the parties agreed Daugherty hired Bergman=s law firm to
assist her with proceedings subsequent to her recent divorce, but they
disagreed as to whether Bergman was a social guest during the July 2002 visit. 
Bergman contended she visited for purely business-related matters.  She
asserted that Daugherty hired her firm for representation in Apost-divorce
matters in general,@ including preparation for a post-divorce
arbitration in which various issues relating to marital property and
interpretation of the divorce decree were to be resolved.  According to
Bergman, she agreed upon Daugherty=s request to meet
at Casa Carino, rather than Daugherty=s residence in
Houston, Texas, to accommodate Daugherty=s vacation
schedule and Bergman=s own travel schedule, as she had already
planned to visit a nearby Mexican city on other business.  During her stay at
Casa Carino, Bergman claimed she performed many hours of legal work in
preparation for the arbitration, including Apreparing for
different inventories, different appraisals of different things.@  While Bergman
admitted attending social functions with Daugherty during the stay, she
explained that Daugherty specifically requested her attendance, suggesting
attendance was mandatory.  She added that she did not maintain a social
relationship with Daugherty prior or subsequent to her visit. 








Daugherty, on the other hand, contended Bergman visited
Casa Carino for purely social reasons.  She claimed she hired Bergman=s firm to assist
her only with the division of personal property located in her Houston
residence and maintained she invited Bergman to Casa Carino as a courtesy,
since she would already be in Mexico and wanted to see the house.  Although she
admitted Athere was some reference to the post-divorce
proceedings,@ she denied Bergman performed any legal work at Casa
Carino, including any inventorying of property.  Daugherty noted that the
divorce decree awarded all of the property in Casa Carino to her, and, thus, a
trip to the house to work on dividing such property would have been unnecessary. 
She further noted that the firm=s billing records during the time of
Bergman=s visit do not
explicitly refer to any work performed in or relating to Mexico.  Regarding the
social functions, she denied requiring Bergman=s attendance,
instead claiming she invited her to come along at her discretion.  

As to whether items had been previously reported as stolen
or missing, the parties generally agreed Daugherty=s previous guests
had reported both a pair of expensive sunglasses and a digital camera missing,
but they differed over the circumstances surrounding the reports.  Pamela
Ferguson, the owner of the sunglasses who had visited Casa Carino shortly
before Bergman, came to the house after Bergman=s jewelry was
stolen to report the sunglasses as missing.  Bergman claims Ferguson
specifically said she left her sunglasses on a coffee table at the house, asked
if anyone had found them, and stated that if someone found them or if Asomebody puts them
back, . . . I=d like to have them.@  Bergman did not
recall hearing Ferguson allege the sunglasses were stolen, but she claimed
Daugherty later told her she was Asure@ her driver had
stolen them.  According to Bergman, Daugherty added that she was Aconvinced@ her driver had
also stolen a digital camera that went missing earlier that summer after a
guest left it in Daugherty=s car, she Abelieved@ he stole Bergman=s jewelry, and she
Asuspected@ him generally of Astealing from her
and her guests.@  Bergman Asurmised,@ based on
Daugherty=s alleged statements, that the camera disappeared a
few weeks to a month before her jewelry was stolen.   








Daugherty generally denied that any criminal acts ever
occurred at Casa Carino, that she ever suspected any theft or criminal activity
at Casa Carino, and that she ever told Bergman anything to that effect. 
Daugherty stated that neither she nor Ferguson could recall whether Ferguson
left the sunglasses at Casa Carino and maintained they were never alleged to
have been stolen.  She further contended the camera was reported stolen after
Bergman=s visit and was
later recovered under a sofa in the house.

Daugherty=s motion for summary judgment[1]
challenged the element of duty on three grounds.  First, Daugherty alleged that
because Bergman was a social guest, Daugherty owed her no greater duty of
protection against third-party criminal conduct than Daugherty owed to herself,
which Daugherty claimed she provided through various security measures.  Bergman
responded that her status was irrelevant to the issue of duty, but nonetheless
maintained the evidence showed she was a business invitee.  Second, Daugherty
contended that, even if Bergman was an invitee, Bergman could not establish a
duty arising from the foreseeable risk of theft because the two incidences of
prior Atheft@ were merely
reports of missing items and thus not Acrimes@ as required under
Timberwalk.[2] 
Third, Daugherty maintained that, even if the reports of missing items resulted
from thefts, they otherwise lacked sufficient frequency, recency, similarity,
and publicity to establish foreseeability under Timberwalk.  Bergman
countered that Daugherty admitted knowledge of the recent thefts by relaying
her suspicions that her driver took the missing items, and, as such,
foreseeability had been established under Timberwalk. 

The trial court granted Daugherty=s motion without
specifying its grounds.  Bergman now appeals, claiming material fact issues
remain on the issue of duty.   








II.  Standard of Review

The standard of review for a traditional motion for summary
judgment is whether the successful movant at the trial level carried its burden
of showing that there is no genuine issue of material fact and that judgment
should be granted as a matter of law.  See Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant who
either conclusively negates at least one of the essential elements of each of
the plaintiff=s causes of action or conclusively establishes all
elements of an affirmative defense is entitled to summary judgment.  Johnson
v. Felts, 140 S.W.3d 702, 706 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  In order to conclusively negate at least one of the
requisite elements, the motion must identify or address the cause of action or
defense and its elements.  Id.  Evidence is conclusive only if
reasonable people could not differ in their conclusions.  City of Keller v.
Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  Under this traditional standard,
this court must take as true all evidence favorable to the nonmovant and must
make all reasonable inferences in the nonmovant=s favor.  See
id.  

Moreover, when the trial court does not specify the basis
for its summary judgment, we will affirm the judgment if any one of the
theories advanced in the motion is meritorious.  Joe v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004).  In other words, the
appealing party must show that each independent ground alleged is insufficient
to support the summary judgment granted.  See Star‑Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995).         

III.  Analysis








Bergman first contends Daugherty has failed to negate the
element of duty because the evidence shows she was a business invitee at Casa
Carino and thus Daugherty owed her a duty under Timberwalk to warn or
protect her against the jewelry theft, a foreseeable third-party criminal act. 
She alternatively contends she is owed the same duty even if her status
constitutes a social guest-licensee.  Under either status, Bergman claims the
jewelry theft was foreseeable to Daugherty because the evidence demonstrates
she had knowledge of two prior, recent thefts at Casa Carino.  Daugherty
disputes Bergman=s status as a business invitee and
challenges whether Timberwalk applies but contends that, even under Timberwalk,
the jewelry theft was unforeseeable because the evidence at best reveals only
two prior incidents of missing items at Casa Carino, not specific thefts or
crimes.

In a premises liability case, the duty owed to the
plaintiff generally depends upon the plaintiff=s status at the
time the incident occurred.  See M.O. Dental Lab v. Rape, 139 S.W.3d
671, 675 (Tex. 2004).  An invitee is one who enters another=s land with the
owner=s knowledge and
for the mutual benefit of both.  Am. Indus. Life Ins. Co. v. Ruvalcaba,
64 S.W.3d 126, 134 (Tex. App.CHouston [14th Dist.] 2001, pet. denied). 
An owner or occupier of land has a duty to use reasonable care to protect an
invitee from conditions that create an unreasonable risk of harm of which the
owner or occupier knows or by the exercise of reasonable care would discover.  Id. 
Additionally, although one generally has no duty to protect another against
criminal acts of a third person, A[o]ne who controls
. . . premises [has] a duty to use ordinary care to protect invitees from
criminal acts of third parties if he knows or has reason to know of an unreasonable
and foreseeable risk of harm to the invitee.@  Timberwalk,
972 S.W.2d at 756 (internal quotation marks omitted).  A licensee, on the other
hand, enters and remains on the land with the owner=s consent and for
his own convenience or on business with someone other than the owner.  Ruvalcaba,
64 S.W.3d at 134.  Under Texas law, a social guest is generally classified as a
licensee.  See Knorpp v. Hale, 981 S.W.2d 469, 472 (Tex. App.CTexarkana 1998, no
pet.); Dominguez v. Garcia, 746 S.W.2d 865, 867 (Tex. App.CSan Antonio 1988,
writ denied).  An owner or occupier of land owes a licensee a duty to refrain
from injuring the licensee willfully, wantonly, or through gross negligence
and, in cases in which the owner or occupier has actual knowledge of a
dangerous condition unknown to the licensee, to warn of or make safe the
dangerous condition.  Ruvalcaba, 64 S.W.3d at 134. 








We conclude a fact issue exists as to Bergman=s status at Casa
Carino.  The parties dispute whether Bergman came to the house purely for
social or business reasons, providing substantial evidence supporting each
position, which directly relates to whether Bergman was a business invitee or
social guest-licensee.  See id.; Knorpp, 981 S.W.2d at 472.  This
fact issue, however, does not affect our decision because even if we assume, as
Bergman suggests, that Timberwalk applies regardless of her status, her
claim still fails.[3]

Under Timberwalk, the Aforeseeability of
an unreasonable risk of criminal conduct is a prerequisite to imposing a duty
of care on a person who owns or controls premises to protect others on the
property from risk.@  972 S.W.2d at 756.  To establish
foreseeability in this context, the evidence must reveal specific previous
crimes on or near the premises.  See id.  We consider the following
factors in determining foreseeability:  Awhether any
criminal conduct previously occurred on or near the property, how recently it
occurred, how often it occurred, how similar the conduct was to the conduct on
the property, and what publicity was given the occurrences to indicate that the
landowner knew or should have known about them.@  Id. at
757.  








Bergman cites the purported Athefts@ of the sunglasses
and digital camera from Casa Carino as evidence of prior crimes that establish
the theft of her jewelry was foreseeable under Timberwalk.  However, the
summary judgment record fails to support this characterization.  As to the
sunglasses, it is undisputed that Ferguson reported them missing, but it is
further undisputed that she never alleged to the police or others that they were
stolen.  Daugherty=s alleged statement that she was Asure@ her driver stole
the sunglasses constitutes the only evidence they were stolen.  As to the
camera, the record does not reflect whether the owner alleged it was stolen,
and Daugherty claimed the camera later turned up in her sofa at the house. 
Like the sunglasses, Daugherty=s alleged statement that she was Aconvinced@ her driver stole
the camera constitutes the only evidence it was stolen.  Even if we take as
true Daugherty=s alleged comments about theft, they do not elevate
these incidents to the level of a Aspecific previous
crime@ required under Timberwalk
to establish foreseeability.  See id. at 756; see also Nichols v.
Tanglewood Manor Apartments, No. 14‑04‑00864‑CV, 2006 WL
278282, at *4 (Tex. App.CHouston [14th Dist.] Feb. 7, 2006, no
pet.) (mem. op.) (holding that police call reports, including calls to report
suspected criminal activity, are not necessarily probative of actual crime
under Timberwalk); Ramirez v. AHP Mut. Hous. Ass=n, Inc., No. 14‑04‑00159‑CV,
2005 WL 425486, at *2 (Tex. App.CHouston [14th
Dist.] Feb. 24, 2005, no pet.) (mem. op.) (holding similarly in refusing to
consider call reports in foreseeability analysis under Timberwalk and
noting that Timberwalk considered only the police report involving
actual crime in its foreseeability analysis).  Moreover, assuming the missing
sunglasses and camera constituted prior actual thefts, two similar incidents of
theft in the month preceding the incident do not create a fact issue on
foreseeability under Timberwalk.  See Timberwalk, 972 S.W.2d at
758 (noting that Asignificant@ number of crimes
within short time period strengthens claim of foreseeability and citing
following examples: (1) ten incidents within three years, (2) 394 incidents
within two and one‑half years, (3) approximately forty incidents within
one year, (4) eighty-five incidents within three or four years, (5) seven incidents
within one year, and (6) seventy-five to one-hundred incidents within three
years); Benitez v. Benmac, Inc., No. 08-99-00348-CV, 2000 WL 799069, at
*5 (Tex. App.CEl Paso June 22, 2000, no pet.) (not designated for
publication) (holding one prior crime occurring on premises in three years
prior to incident insufficient to establish foreseeability under Timberwalk). 
Accordingly, we hold that Daugherty negated the element of duty in Bergman=s premises
liability claims as a matter of law and summary judgment was properly granted
on this ground. 

 

 








We overrule appellant=s sole issue and
affirm the trial court=s judgment.  

 

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 31, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.









[1]  Daugherty labeled her motion as a AMotion for Summary Judgment@ and attached various evidence in support.  However,
she did not cite either of the summary judgment rules or otherwise specify
whether she moved under traditional or no-evidence grounds, and Bergman
responded only on traditional grounds.  See Tex. R. Civ. P. 166a(c), (i).  We will thus treat Daugherty=s motion as traditional.  See J.M.K. 6, Inc. v.
Gregg & Gregg, P.C., 192 S.W.3d 189, 195 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (treating motion
for summary judgment as traditional where movant failed to specify whether it
brought motion on traditional or no-evidence grounds and thus provided
insufficient notice it sought no-evidence summary judgment under Rule 166a(i));
McArdle v. Stahl, No. 03‑04‑00817‑CV, 2006 WL 1648988,
at *1 n.1 (Tex. App.CAustin June 15, 2006, no pet.) (mem. op.) (treating
motion for summary judgment as traditional where movant failed to specify
whether he brought motion on traditional or no-evidence grounds, and movant
attached evidence to motion but also argued there was no evidence of certain
elements non-movants= claims).





[2]  See Timberwalk Apartments, Partners, Inc. v. Cain,
972 S.W.2d 749 (Tex. 1998). 





[3]  Because her claim fails in any event, we need not
decide whether the duty described in Timberwalk applies to licensees as
well as invitees.  See Ynclan v. Valdez, No. 14‑99‑00404‑CV,
2000 WL 854847, at *2 n.4 (Tex. App.CHouston
[14th Dist.] 2000, no pet.) (not designated for publication) (citing duty to
invitees described in Timberwalk in premises liability case based on
third-party criminal conduct but declining to address appellant=s alleged status as Asocial guest@ because appellant=s
status as such was not basis on which summary judgment was sought).