**Homer CRUM, Appellant,**

**v.**

**Homer STASNEY, Appellee.**

**No. 4048.**

Court of Civil Appeals of Texas.

Eastland.

April 1, 1966.

Vandygriff, Presnal & Scofield, L. Alvis Vandygriff, Austin, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Hugh Rives, Jr., and J. M. Lee, Abilene, for appellee.

COLLINGS, Justice.

Homer Crum brought this suit against Homer Stasney for personal injury and disability alleged to have been sustained by plaintiff by being kicked or otherwise injured by a mule owned by defendant. It was alleged that the injury was sustained on the defendant's ranch in Brown County, Texas, on or about January 1, 1962. Upon a hearing the court sustained the defendant's motion for summary judgment and judgment was entered denying plaintiff any recovery. Homer Crum has appealed.

 The record shows that on January 1, 1962, appellee Stasney was the owner and operator of a ranch in Brown County, commonly referred to as the Lucky "S" ranch. On this ranch appellee kept a mule which he had purchased from Jack Moberley. Appellant alleged that the mule was of a vicious nature and had exhibited dangerous propensities; that this fact was or could have in the exercise of due care been known to appellee, but that, notwithstanding such knowledge, appellee permitted the mule to be retained upon the premises and allowed, permitted or condoned the mule's running at large in the lots and pens adjacent to the living quarters of Marion Baker, who was foreman of the Lucky "S" ranch on the occasion in question. Appellant further alleged that the vicious and dangerous nature of the mule was unknown to him. Appellee, Stasney, denied that the mule was vicious or dangerous and particularly denied knowledge of such tendencies on the part of the mule. Appellee's answer contained a

general denial and allegations of contributory negligence. Appellee also filed a motion for summary judgment alleging that there was no genuine issue of fact to be determined; that appellant Crum was, at best, a licensee; that he had not been invited to the ranch by the owner; that Crum had no business of any kind with appellee and that appellee had no knowledge of appellant's presence on the premises on the occasion in question. Appellee's affidavit in support of his motion for summary judgment states that appellant was not asked or invited by appellee and that Mr. Baker did not have authority to invite guests to the ranch or to take them around his livestock or the mule. As a general rule the owner or occupant of premises owes no affirmative duty of care to a mere licensee except to refrain from injuring him willfully, wantonly or through gross negligence. Carlisle v. J. Weingarten, 137 Tex. 220, 152 S.W.2d 1073. An owner of property, however, owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety. 65 C.J.S. Negligence § 45, pp. 521, 522.

Appellant urges that the court erred in granting summary judgment against him because (1) there was a material fact question concerning his status on appellee's ranch at the time he was injured, that is, whether he was an invitee, or, as appellee claims, a mere licensee, and (2) that a material fact question exists concerning the dangerous and vicious tendencies of the mule which caused appellant's injuries and whether appellee knew or should have known of such tendencies.

The record on the motion for summary judgment consists of the pleadings, affidavits and depositions on file. Rule 166–A, Texas Rules of Civil Procedure. Appellee filed two affidavits in support of his motion for summary judgment, one by himself and the other by Sheriff Moberley. The deposition of Crum was taken and pertinent portions thereof are quoted in appellee's motion for summary judgment. Appellant in his deposition testified that the only reason he went to the Stasney ranch on the occasion in question was for a social visit; that Marion Baker was his brother-in-law, was manager of Mr. Stasney's ranch and that he "just decided" that he would go and visit him. He stated that he did not tell the Bakers he was coming to see them; that he and Baker were brothers-in-law and that "you don't write or call". Affidavits were filed on behalf of appellant by Marion Baker and his wife. In the affidavit of Marion Baker in support of appellant's answer to Stasney's motion for summary judgment, Baker stated: "I was assured that visits by relatives would be welcome, and on or about January 1, 1962, my brother-in-law, HOMER CRUM, and his family were invited to visit with us for the purpose of a visit and to conduct business regarding additions that were being planned for the Ranch house." It is well settled that a social guest is a mere licensee. The test of whether one is an "invitee" or "licensee" on the premises of another is whether he is there by the owner's invitation to transact business in which the parties are mutually interested. 25 Words and Phrases, Perm. Ed., pp. 291, 293. Appellee admits in his brief that Baker's affidavit "contains facts which, if true, might tend to show that appellant was a business invitee." Also see Snelling v. Harper, Tex. Civ.App., 137 S.W.2d 222 (Dis.Judg.Cor.). It is, however, contended by appellee that Crum's statement in his deposition that the only reason he went to the Stasney ranch on the occasion in question was for a purely social visit was never repudiated, modified, explained nor was it shown that he was mistaken in his testimony given by deposition and that such testimony is therefore binding upon him. Appellee contends that the record therefore conclusively establishes that appellant is a licensee to whom no duty was owed except not to injure him willfully, wantonly or through gross neglect. We agree with appellee's contention. Griffin v. Superior Insurance Co., 161 Tex. 195, 338 S.W.2d 415 (1960), McCormick and Ray,

Texas Law of Evidence, Vol. 2, pg. 25; 169 A.L.R. 824; Texas-Louisiana Power Co. v. Webster, 127 Tex. 126, 91 S.W.2d 302; Stanolind Oil and Gas Company v. State, 136 Tex. 5, 145 S.W.2d 569 (1940).

■ We are of the opinion that even if it should be held that appellant was an invitee at the time of coming to the ranch, in that he was invited there "to conduct business regarding additions that were being planned for the Ranch house", still the court did not err in granting appellee's motion for summary judgment. One who has entered premises as an invitee may become a licensee by using the premises for purposes not included in his invitation. 65 C.J.S. Negligence §§ 24, 33, pp, 437, 489, 490; Burton Construction & Shipbuilding Company v. Broussard, 145 Tex. 50, 273 S.W.2d 598 (1954). In Cowart v. Meeks, 131 Tex. 36, 111 S.W.2d 1105 (Commission of Appeals, Opinion adopted by the Supreme Court, 1938), it is stated as follows:

"In determining this question the general test is whether the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee."

The record in our opinion shows without question that when Mr. Crum went out with a camera to have his picture made on the mule that he was doing so for his own convenience and satisfaction and not in connection with any common interest or business relationship between appellant and Stasney or Stasney's ranch foreman, Baker. Mendoza v. Texas and Pacific Railroad Company, 70 S.W.2d 261 (CCA); Boneau v. Swift & Company, 66 S.W.2d 172 (Missouri Appeals); Snelling v. Harper, 137 S.W.2d 222 (CCA 1940), Dismissed, judgment correct.

■ We also overrule appellant's second point urging that there was a material fact issue concerning the alleged dangerous and vicious tendencies of the mule in question and whether Stasney knew or should have known of such tendencies. Stasney's motion for summary judgment and his affidavit and the affidavit of Sheriff Moberley are to the effect that the mule in question was not a dangerous and vicious animal. Sheriff Moberley stated in his affidavit that he had owned the mule about a month before selling it to Mr. Stasney; that the mule was very gentle; that he rode it nearly every day and it never displayed any wild or vicious tendencies; that although all mules are stubborn and temperamental, this particular mule was tamer and more easy going than most; that the mule was well broken to ride and gentle as a riding animal; that several other people rode the mule during the time he owned it, including his wife, and that the mule never demonstrated any vicious tendencies whatever. Mr. Stasney stated in his affidavit that about three or four months before appellant's injury he acquired the mule from Sheriff Moberley; that he was informed by Mr. Moberley that the mule was gentle and broken to ride by both adults and children; that during the time he owned the mule it never demonstrated any dangerous tendencies and never hurt anybody; that he knew that his foreman Marion Baker and his son Glen Baker had ridden the mule and that the mule never hurt them and so far as he knew it had never hurt anybody.

In appellant's answer to appellee's motion for summary judgment it was alleged that the mule had demonstrated vicious and dangerous tendencies prior to the time of the accident on January 1, 1962, and that Stasney knew of such demonstrated dangerous tendencies. In support of his answer to appellee's motion for summary judgment appellant submitted as exhibits the affidavits of Marion Baker and his wife Opal

Baker. Baker stated that he personally advised Mr. Stasney that the mule would buck and kick and that it would have to be "broke to work before it could be used as an animal to be attached to a cart." Opal Baker stated in her affidavit that she observed the mule as it pitched and kicked after the accident; that she had personal knowledge of the fact that the mule did pitch after the accident because she saw the mule "pitch my son off" while he was attempting to ride the mule a few days after the accident to Homer Crum. In our opinion the affidavits opposing Stasney's motion for summary judgment do not raise a fact issue concerning any vicious or dangerous tendencies displayed by the mule prior to Mr. Crum's injury. The fact that the mule would "buck and kick" and needed to be "broke" does not under the circumstances show that the mule was vicious and dangerous to a licensee on the premises. There is no showing that Mr. Stasney had knowledge of any vicious or dangerous tendencies on the part of the mule. Appellant's second point is overruled.

The judgment is affirmed.