# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00727-CV

**Wayne Poehls, Appellant**

**v.**

**A. L. Turner, Appellee**

**FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
NO. 13,254, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

In January 2000, appellee, A. L. Turner, and his wife asked appellant, Wayne Poehls, their friend and neighbor, to come to their house to help run electrical wiring in the Turners= attic. Turner did not have a ladder at his house, so to access the attic, he put a large stereo speaker under the access door in the ceiling of a closet. Turner stepped up on the speaker and through the door, followed by Poehls. Later, while trying to reach the speaker to climb down from the attic, Poehls twisted and wrenched his back, suffering sharp pain in his lower back and down into his legs. Due to his injuries, Poehls incurred expenses for physicians= and nursing fees, medication, and medical supplies, and continues to suffer the ill effects of his injuries. Poehls sued Turner for negligence, arguing he was injured while on Turner=s property as an invitee.

Turner filed a no-evidence and a Atraditional@ motion for summary judgment, *see* Texas Rules of Civil Procedure 166a(c), (i), arguing primarily that Poehls was a licensee when injured, not an invitee, and thus was owed a lower standard of care. The district court granted summary judgment for Turner, ordering that Poehls should take nothing in his cause of action. Poehls now appeals. We will reverse and remand.

## Standard of Review

In reviewing the grant of summary judgment, we view all of the evidence in the light most favorable to the non-movant. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.CAustin 2000, no pet.). We take the evidence favorable to the non-movant as true, make every reasonable inference in the non-movant=s favor, and resolve all doubts in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *McMillan v. Parker*, 910 S.W.2d 616, 618 (Tex. App.CAustin 1995, writ denied). Summary judgment is not intended to deprive litigants of the right to a trial by jury, but to eliminate patently unmeritorious claims or defenses. *McMillan*, 910 S.W.2d at 618.

A Atraditional@ summary judgment is properly granted only if the movant establishes there are no genuine issues of material fact to be decided and he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Perez*, 819 S.W.2d at 471; *Holmstrom*, 26 S.W.3d at 530. A defendant seeking summary judgment must as a matter of law negate at least one element of each of the plaintiff=s theories of recovery or plead and prove each element of an affirmative defense. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Holmstrom*, 26 S.W.3d at 530. Not until the defendant establishes his

2

right to summary judgment must the plaintiff attempt to raise a fact issue. *Centeq Realty*, 899 S.W.2d at 197; *Holmstrom*, 26 S.W.3d at 530.

A party seeking a Ano-evidence@ summary judgment need not establish his right to judgment by proving a defense or claim, but instead simply asserts that there is no evidence of one or more essential elements of claims upon which the opposing party will have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Holmstrom*, 26 S.W.3d at 530. A no-evidence summary judgment is essentially a pretrial directed verdict, to which we apply the same legal sufficiency standard of review, asking whether the non-movant failed to produce more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element on which the non-movant would have the burden of proof. *Holmstrom*, 26 S.W.3d at 530.

### Was Poehls an Invitee or a Licensee?

Turner argues that Poehls was not an invitee, but a licensee, and thus was owed a lower duty of care, whereas Poehls argues that he was an invitee.

Common-law negligence consists of three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987); *Guidry v. National Freight, Inc.*, 944 S.W.2d 807, 809 (Tex. App.CAustin 1997, no writ). The existence of a duty is the threshold issue in any negligence case. *Poole*, 732 S.W.2d at 311; *Guidry*, 944 S.W.2d at 809. Whether a breached duty proximately caused a plaintiff=s damages involves examining several interrelated factors including, most importantly, the foreseeability of the risk. *Poole*, 732 S.W.2d at 311; *Guidry*, 944 S.W.2d at 809-10. The foreseeability

of the harmful consequences of a breach is the underlying basis for liability. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

The duty a landowner owes to someone injured on his property depends on the injured party=s legal status as an invitee or a licensee.[1] *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Peerenboom v. HSP Foods, Inc.*, 910 S.W.2d 156, 161 (Tex. App.CWaco 1995, no writ). A landowner owes an invitee the duty to use ordinary care to protect the invitee from not only risks of which the owner is actually aware, but also from risks of which the owner should be aware after reasonable inspection. *Lopez*, 929 S.W.2d at 3. In other words, a landowner must use reasonable care to reduce or eliminate unreasonably dangerous conditions of which he is, or reasonably should be, aware. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *State Dep=t of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). A landowner owes a licensee, on the other hand, the mere duty to not injure him by willful, wanton, or grossly negligent conduct and to protect him from danger of which the owner is actually aware. *Payne*, 838 S.W.2d at 237. Thus, a licensee must establish that the landowner *actually knew* of the condition, whereas an invitee need only establish that the landowner knew or *should have known* of the dangerous condition. *Id*.

---

[1] Turner does not contend that Poehls was a trespasser at the time he was injured.

Whether a person is an invitee or a licensee depends on the entrant=s purpose in coming onto the property. *See Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 672 (Tex. 1999) (O=Neill, J., dissenting); *Peerenboom*, 910 S.W.2d at 161-63. A property owner=s friends or family generally are treated as licensees. *See Knorpp v. Hale*, 981 S.W.2d 469, 472 (Tex. App.CTexarkana 1998, no pet.); *Dominguez v. Garcia*, 746 S.W.2d 865, 866-67 (Tex. App.CSan Antonio 1988, writ denied);*Harrod v. Grider*, 701 S.W.2d 937, 938 (Tex. App.CBeaumont 1985, no writ);*Hastings v. De Leon*, 532 S.W.2d 147, 148 (Tex. Civ. App.CSan Antonio 1975, writ ref=d n.r.e.). Such cases usually involve guests who were invited to the premises for social purposes.[2] *See, e.g., Dominguez*, 746 S.W.2d at 866 (minor child invited to property to attend birthday party); *Harrod*, 701 S.W.2d at 938 (minor invited to friend=s house for dinner); *Hastings*, 532 S.W.2d at 148 (mother of home owner injured when she went into house on home owner=s invitation to view new furniture); *Buchholz v. Steitz*, 463 S.W.2d 451, 452 (Tex. Civ. App.CDallas 1971, writ ref=d n.r.e.) (adult invited to friend=s house for lunch and swim);*Crum v. Stasney*, 404 S.W.2d 72, 73-74 (Tex. Civ. App.CEastland 1966, no writ) (brother-in-law of ranch=s foreman

---

[2] In a case rather similar to ours, the Texarkana Court of Appeals held that a man who was killed while trying to cut down a tree on the property of his girlfriend=s parents was a social guest and therefore a licensee, not an invitee. *Knorpp v. Hale*, 981 S.W.2d 469, 472-73 (Tex. App.CTexarkana 1998, no pet.). The court stated that an injured person is a licensee in the absence of a relationship Awhich inures to the **mutual benefit** of the two, or to that of the owner,@ but then focused only on the absence of mutual benefit, overlooking the fact that the man=s attempt to remove the tree stood to benefit the property owners, thus potentially making him an invitee. *Id*. at 473-74 (quoting *Crum v. Stasney*, 404 S.W.2d 72, 75 (Tex. Civ. App.CEastland 1966, no writ) (alteration in original)). The court noted that the decedent volunteered to cut down the tree and was not asked to do so by the property owners. *Id*. at 473-74. The cause at bar is distinguishable from *Knorpp* because here Turner asked Poehls to come to the house specifically to help Turner with the wiring. We decline to follow *Knorpp* in strictly requiring a mutual benefit where here, Poehls was on the premises at the request of and for the *sole benefit* of Turner.

injured during visit to ranch when he went into field to have picture taken with mule; held that even if injured man was initially invitee, he was licensee when injured because he went beyond purposes of invitation and business dealings).

An invitee usually is defined as someone who enters onto property with the owner=s knowledge and for the mutual benefit of both parties. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). An invitee has also been defined somewhat more broadly as someone who enters another=s property on the business or to the benefit of the landowner. *See Cowart v. Meeks*, 111 S.W.2d 1105, 1107 (Tex. 1938) (AIn the absence of some relation which inures to the mutual benefit of the two, *or to that of the owner*, no invitation can be implied, and the injured person must be regarded as a mere licensee.@) (emphasis added); *Crum*, 404 S.W.2d at 75 (quoting *Cowart*); *Texas Power & Light Co. v. Holder*, 385 S.W.2d 873, 885 (Tex. Civ. App.CTyler 1964), *writ ref=d n.r.e.*, 393 S.W.2d 821 (Tex. 1965) (invitee is one Awho goes on the premises of another in answer to the express or implied invitation of the owner . . . *on the business of the owner* . . . or for their mutual advantage@) (emphasis added). Most cases involving invitees concern *business* invitees. *See, e.g.*, *Gonzalez*, 968 S.W.2d at 936 (Wal-Mart customer slipped while shopping); *Lopez*, 929 S.W.2d at 2-3 (motel guest slipped while showering); *Corbin*, 648 S.W.2d at 294-95 (customer of grocery store slipped while shopping); *Rosas*, 518 S.W.2d at 536 (store customer slipped while shopping); *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 164 (Tex. App.CTexarkana 1998, no pet.) (Wal-Mart customer slipped while shopping); *Holder*, 385 S.W.2d at 886 (employee of invitee injured while working also invitee).

6

Turner insists that Poehls must be considered a licensee because Poehls did not anticipate that he would receive a benefit himself when he agreed to help Turner with the wiring project. Turner attempts to use a lack of tangible benefit flowing to Poehls as a negative factor against Poehls. We believe Turner misses the point of the distinction between licensee and invitee. Poehls and Turner did not have a business relationship and, therefore, Poehls cannot be considered a business invitee. However, this does not require us to hold that he was a mere licensee.

A social guest is generally considered a licensee because, in essence, the guest is receiving the sole benefit of the entry onto the landowner=s property; a social guest is Ainvited@ onto another=s property to receive the benefit of the landowner=s hospitality. *See Peerenboom*, 910 S.W.2d at 163 (Aan invitee is present for the mutual benefit of himself and the owner, while a licensee is on the premises only for his own purposes@); *Dominguez*, 746 S.W.2d at 866 (AThe use of the premises is extended to [social guest licensee] merely as a personal favor to him.@) (quoting Restatement (Second) of Torts ' 330 cmt. h3 (1965)); *Buchholz*, 463 S.W.2d at 453 (Aa social guest is treated as a licensee, who comes on the premises for his own purposes with the occupier=s permission or consent, rather than as a business invitee, whose presence serves the occupier=s economic interest@). An invitee, on the other hand, is owed a higher standard of care because he is asked onto another=s property for the benefit of the property owner. It would be inequitable and make little sense to hold a property owner to a higher standard of care only when the injured party sought to benefit himself *and* the owner and not when the injured party sought *only* to benefit the owner. As stated by the supreme court,

The gist of the liability consists in the fact that the person injured did not act merely for his own convenience or pleasure, and from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was led to believe that they were intended to be used by visitors or passengers, and that such use was not only acquiesced in by the owner or person in possession and control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used. The true distinction is this: A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability; but if he directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for such use, and for a breach of this obligation, he is liable in damages to a person injured thereby.

*Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073, 1076 (Tex. 1941).[3]

Invitees are generally business invitees, but we do not believe that a tangible pecuniary benefit must necessarily flow to the invitee. *See id*. at 1076-77 (child of store=s customer was invitee although child did not intend to make purchase). Here, Poehls did not anticipate receiving financial compensation for helping Turner with his electrical problem. He stated that he decided to help Turner because, AI call it something friends do.@ Poehls had not been involved in the electrical business, but he had done electrical work for himself and he believed he could help fix Turner=s problem.

---

[3] We note that the supreme court also stated that an important inquiry was whether the premises were public or private, stating, AIf one uses his premises for private purposes, he has no reason to expect visitors other than those especially invited by him; and hence is under no obligation to keep his premises in a safe condition for the protection of those who may enter thereon without his invitation.@ *Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073, 1075 (Tex. 1941). This situation is unlike traditional situations involving invitees, where there is an implied invitation to enter public premises to conduct public business, or licensees, where a person is invited onto private property for purely social purposes. We believe the Atrue distinction@ of whether an owner passively acquiesced in a particular use of property or directly induced such use applies here. *Id.* at 1076.

The evidence establishes that Turner or his wife invited Poehls onto their property. Poehls was asked over specifically to assist Turner in fixing an electrical problem. Although it can be argued that such assistance did not benefit Poehls in a monetary sense and simply satisfied his impulses as a friend and neighbor, it cannot be argued that it did not benefit Turner. We hold that Poehls was an invitee and not a mere licensee, and that Turner owed him a heightened duty of care. *See Payne*, 838 S.W.2d at 237.

## Did Turner Defeat the Remaining Elements of Poehls=s Cause of Action?

Having found Poehls was an invitee, we now review the record to see whether Turner established his entitlement to judgment as a matter of law. We address the remaining elements of Poehls=s cause of actionCwhether Turner knew or *should have known* that using the speaker created a condition that was unreasonably dangerous and did not exercise reasonable care to reduce or eliminate that risk and so proximately caused Poehls=s injuries. *See Gonzalez*, 968 S.W.2d at 936.

In this regard, Turner contends he established that (1) he did not have actual or constructive knowledge of the allegedly dangerous condition, (2) the condition did not pose an unreasonable risk of harm, (3) he exercised reasonable care to reduce or eliminate any risk, and (4) his acts or omissions did not proximately cause Poehls=s injuries.[4] Turner and Poehls attached as summary judgment evidence excerpts from their depositions, and Poehls attached his own affidavit.

---

[4] On appeal, Poehls argues only that he was an invitee. Although generally a party appealing a summary judgment must attack all possible grounds for the judgment, *see Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex. App.CHouston [14th Dist.] 1998, no pet.), here, summary judgment could only be properly granted if the district court found that Poehls was not an invitee. All other elements of the cause of actionCthe proper standard of care to be applied, the level of knowledge necessary, and whether under those standards Turner proximately caused Poehls=s injuriesCflow from Poehls=s status as an invitee or licensee and, as discussed later in this opinion, are not appropriate for summary judgment.

9

Turner testified that when he and Poehls climbed into the attic, he did not have reason to believe he needed to get a ladder. Turner testified that Poehls injured his back getting down from the attic using the speaker as a step and that he Amost certainly@ believed that Poehls=s pain was real. Turner also testified:

Q: [W]ould you agree with me that if you had obtained and used a ladder that it=s probable that this injury to Mr. Poehls would not have occurred?

R: Probable.

Q: Would you also agree with me that such a purchase or obtaining of the ladder would have probably or reasonably prevented this injury by your getting a ladder?

R: AReasonably@ is a good word.

. . . .

Q: Will you agree with me that there was no other factor that led to [Poehls=s] injury, other than the speaker being too short, that caused him to have to stretch to get to it when he was coming down from the attic?

A: To the best of my knowledge.

. . . .

Q: Were you the one who obtained the speaker and put it there in the closet?

A: Correct.

Q: [Poehls] didn=t suggest that you go and get the speaker and use it as a ladder, did he?

A: No.

. . . .

10

Q: Okay. [Poehls=s attorney] also asked you about going out to the country club to get a ladder. Did you have any reason to believe on this first date when y=all got up into the attic that you needed to get a ladder?

A: Did I have a reason? No, I did not at that time.

Q: Okay. And I=d also ask you not whether you feel responsible for any injuries that Mr. Poehls might have suffered, but do you feel like the incident in question was your fault?

A: It depends on how you state Afault.@ If I=d had a ladder the incident may not have happened.

In Poehls=s affidavit, he states that he went to Turner=s house to help fix an electrical problem. He said, AI would not have used the speaker to get into the attic if Mr. Turner had not used it first.@ After Poehls injured himself getting out of the attic using the speaker, AMr. Turner decided that he need[ed] to go back up in the attic to finish the job. At that time he decided to get a ladder to get back up in to the attic instead of using the stereo speaker. He drove approximately two (2) miles to the country club to borrow a ladder.@ Poehls testified in his deposition that he did not believe Turner had actual notice of the danger posed by using the speaker instead of a ladder. Poehls also testified:

Q: Okay. But at that time, did you have any reason to believe that that was going to cause B that that could be a dangerous method by which to get in and out?

R: Probably not.

     . . . .

Q: Well, do you think your friend Mr. Turner would have asked you to use that speaker to get up into and out of the attic if he thought it would have caused you injury?

A: No, sir.

11

An invitee=s suit against the landowner is Aa simple negligence action,@ and a landowner=s liability to an injured invitee Adepends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition, not on whether a specific set of facts or a specific breach of duty is established.@ *Corbin*, 648 S.W.2d at 295. In our view, the evidence does not establish as a matter of law that Turner was or was not negligent. Based on the summary judgment evidence and the nature of the issues related to negligence, we do not believe that those issues are appropriate for determination through summary judgment. *See Ray v. Farmers=State Bank*, 576 S.W.2d 607, 609 (Tex. 1979) (AAs a general rule, the determination of negligence is the province of the trier of fact.@); *McIntosh v. NationsBank*, 963 S.W.2d 545, 548 n.10 (Tex. App.CHouston [14th Dist.] 1997, pet. denied) (A[F]oreseeability is a factor in determining both the proximate cause and duty elements of negligence. Because proximate cause is a fact question whereas duty is a question of law, it would appear that foreseeability is a fact question for purposes of determining proximate cause but a question of law for determining the existence of a duty.@ (Citations omitted.)). The evidence raises material questions of fact related to Turner=s alleged negligence toward Poehls, his invitee, and the trial court erred in granting summary judgment in favor of Turner.

We reverse the judgment and remand the cause for further proceedings.

---

12

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Remanded

Filed:   August 30, 2002

Do Not Publish

13